ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

APR 27 2010

JAMES N. HATTEN, Clerk
By: [signature]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

v.

ALLEGIANCE INDUSTRIES, INC.,

    Defendant.

CIVIL ACTION NO.

**1 10-CV-1260-ODE**

COMPLAINT

JURY TRIAL DEMANDED

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Ms. Brenda Lowery ("Lowery"), who was adversely affected by such practices. The Commission alleges that Defendant terminated Ms. Lowery from her position as a Cleaning Team Supervisor because of her sex, female, in violation of Title VII.

### JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended,

42 U.S.C. § 2000e-5(f)(1) and (3) (Title VII), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Allegiance Industries, Inc. ("Defendant") has continuously been doing business in the State of Georgia and the City of Atlanta and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than 30 days prior to the institution of this lawsuit, Ms. Lowery

filed her charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least July 1, 2009, Defendant has engaged in unlawful employment practices at its Atlanta, Georgia, facility in violation of Section 706(f)(1) and (3) of Title VII. 42 U.S.C. § 2000e-5(f)(1) and (3), by terminating Ms. Lowery because of her sex, female, in violation of Title VII.

8. On or about January 1, 2009, Defendant hired Ms. Lowery as a Cleaning Team Supervisor. Ms. Lowery's cleaning team was assigned to clean at the Arthritis Foundation of Georgia, one of Defendant's work sites. Ms. Lowery reported to Walter Roskosky ("Roskosky"), Defendant's District Manager.

9. On a few occasions throughout her employment, Roskosky told Ms. Lowery that he would like to have a male supervisor at the Arthritis Foundation of Georgia work site.

10. On or around July 1, 2009, Roskosky informed Ms. Lowery that she was terminated and that she would no longer be the Cleaning Team Supervisor for the Arthritis Foundation work site. Roskosky specifically told Ms. Lowery that he needed a male on the contract.

11. As soon as Ms. Lowery was terminated, Defendant immediately

replaced her with a male Cleaning Team Supervisor from another work site.

12. The termination of Ms. Lowery was based on her sex, female.

13. The effects of the practices complained of in paragraphs 7-12 above have been to deprive Ms. Lowery of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

14. The unlawful employment practices complained of in paragraphs 7-12 above were intentional.

15. The unlawful employment practices complained of in paragraphs 7-12 above were carried out with malice and/or reckless indifference to the federally protected rights of Ms. Lowery.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all other persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of sex.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Lowery, who was adversely affected

by Defendant's discriminatory conduct, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement.

D.  Order Defendant to make Lowery whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses, in amounts to be determined at trial.

E.  Order Defendant to make Lowery whole by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain and suffering, inconvenience, loss of enjoyment of life, anxiety, stress, depression, and humiliation, in amounts to be determined at trial.

F.  Order Defendant to pay Lowery punitive damages for Defendant's malicious and reckless conduct described above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper.

H.  Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

4/27/2010
Date

Robert K. Dawkins
Regional Attorney
Georgia Bar No. 076206
robert.dawkins@eeoc.gov

Lakisha C. Duckett
Trial Attorney
Georgia Bar No. 231641
lakisha.duckett@eeoc.gov

U.S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone: (404) 562-6818